JACKSON v. THE CHEROKEE MED. CO.

1. FINDING OF FACT by Circuit Judge sustained.
2. ACTION—CLAIM—CONTRACT.—A party cannot base a claim on a contract in writing which he has altered in a material aspect without authority.

Before BENET, J., Greenville, December, 1895.   Affirmed.

Action by Nannah Jackson, *alias* Nannah Crow, suing in behalf of herself and all other creditors of the defendant, the Cherokee Medicine Company, who shall in due time come into and seek relief by this action and contribute to the expense thereof, against the Cherokee Medicine Company, a corporation created by and under the laws of said State, and L. C. Richey, Marion B. Leach, J. T. Blassingame, J. C. Fitzgerald, A. B. Brown, C. E. Wideman, James E. Payne, James S. Cureton, L. A. Kettle, C. E. Watson, J. M. Geer, Clarence A. Smith, P. F. Cox, W. L. Kellett, W. J. Graham, and J. F. Richardson, for the purpose of requiring the stockholders, who have not paid their subscriptions in full, to contribute to the payment of the corporation debts.

The case was referred to the master, who made the following report:

The plaintiff alleges that the Cherokee Medicine Company is a corporation under the laws of this State, and that said corporation is indebted to her in the sum of $39.78 on a judgment recovered by her on the 17th day of October, 1894, in the court of N. H. Davis, Esq., a trial justice for Greenville County, and that said corporation owes many other debts, and is insolvent. She further alleges that the defendants named in the complaint have each subscribed to the stock of the corporation, and have paid only fifteen per cent. of their subscriptions. All the defendants, except the Cherokee Medicine Company, answer, denying the allegations of the complaint, and for a second defense set up that their subscriptions for stock in said company were procured by misrepresentations.

The master finds that the Cherokee Medicine Company was incorporated under the laws of this State on the 20th of July, 1894, and the defendants subscribed for stock in said corporation as follows, the stock being divided into shares of one hundred dollars each, to wit: Marion B. Leach, two shares; J. C. Fitzgerald, two shares; A. B. Brown, one share; C. E. Wideman, two shares; C. E. Watson, two shares; W. J. Graham, two shares; L. C. Richey, one share; J. T. Blassingame, one share; James E. Payne, one share; James S. Cureton, one share; L. A. Kettle, one share; J. M. Geer, one share; Clarence A. Smith, one share; P. F. Cox, one share; W. L. Kellett, one share; and J. F. Richardson, one share. Clarence A. Smith has paid nothing on his subscription. The other defendants have each paid fifteen per cent. of their stock, leaving eighty-five per cent. of the same unpaid. The plaintiff's judgment is attacked on the ground that it does not appear by affidavit that no answer or demurrer was filed with the trial justice before entry of the judgment in her favor in the trial justice's court. It is insisted that this is necessary to the validity of the judgment, inasmuch as the same was rendered by default. It is also insisted that the affidavit made before the trial justice, that the plaintiff was apprehensive of losing her debt if the usual time for answer was allowed, and on which the summons was made returnable in less than twenty days, was insufficient, in that the facts therein set forth were not enough upon which to base such action, or raise such apprehension in the mind of the plaintiff. The trial justice entered up this judgment under the usual practice in courts of trial justices, and the objections raised do not render this judgment void. At most, they are only irregularities, such as cannot be attacked, except by a direct proceeding to set aside the judgment. The master, therefore, finds that the judgment of the plaintiff is a valid claim against the defendant, the Cherokee Medicine Company. That this judgment was transcripted to the Circuit Court of this county before the commencement

of this action, and execution duly issued thereon. That the sheriff of said county has returned the same wholly unsatisfied, and the same remains wholly unpaid.

The order of reference provides that the creditors of the Cherokee Medicine Company may establish their claims against it in this action. Under the call for creditors made by the master pursuant to this order the plaintiff presented a contract made by her with C. E. Hicks and T. A. Honour, jr., under the name of the Cherokee Medicine Company, on the 1st day of April, 1894, by which they agreed to employ her for one year at a salary of $8.33 per month. This contract provided that in case of failure of the company to perform its part of the same that it should forfeit and pay to the plaintiff the sum of $25. Peter Crow presents a similar contract, providing for a like forfeiture, the only difference in his contract being that he was to receive $12 per month. These contracts were assigned by the said Hicks and Honour to said corporation in July, 1894. The corporation assented to this assignment, as did also the plaintiff and the said Peter Crow. These last named parties entered into the employment of the corporation under these contracts, and continued in its employ till the 24th of September, 1894, when it suspended business and refused to give them further employment, thereby violating the terms of said contracts, and rendering the corporation liable to the plaintiff for the forfeiture of $25, and the said Peter Crow for a like sum. The said Peter Crow has also presented and proven a judgment recovered by him in the court of trial justice, on which there is a balance due to him of the sum of $8.25, with interest on the same from the 15th of October, 1895. This judgment is based on a debt which the said corporation owed him for services rendered.

Under the call for creditors above mentioned, C. E. Hicks and T. A. Honour, jr., have presented claims. They say that they each owned $1,000, or ten shares of paid up stock, in the corporation, and that its property has been exhausted in the payment of its debts, and claim contribution

from the other stockholders to equalize their loss.   T. A. Honour further claims that the corporation is indebted to him in the sum of $11 for services rendered, and that the said C. E. Hicks presents a claim for services for the sum of $18, and the further sum of $225 on account of a contract entered into by the corporation with him on the 24th of September, 1894, by which it agreed to employ him from the 1st of October, 1894, to the 1st of January, 1895, at a salary of $75 per month, and claims that said corpora-tion wrongfully suspended business on the 28th of September, 1894, and refused to carry out its contract with him, and that he held himself in readiness to perform his part of said contract till the 1st of January, 1895.

The master finds that said Hicks and Honour did each have certificates from said corporation showing that each had ten shares of paid up stock therein, and they still hold these certificates, and submit them in evidence in this case. The master also finds that these parties performed the services which they claim to have performed, and that the balances which they claim have not been paid.   He also finds that the corporation entered into such contract with said Hicks to pay him for services to be rendered from the 1st of October, 1894, to the 1st of January, 1895, at the rate of $75 per month, and that said corporation suspended business on the 25th of September, 1894, and that said Hicks held himself in readiness to perform his part of that contract.   But from the evidence in this case, the master is constrained to find, that neither Hicks nor Honour can recover anything against the defendants herein as shareholders in said corporation.   The subscription list contains the contract of the parties, and is the basis of the claims against them.   This subscription list was put in evidence, and it appears on its face that the same has been altered, said alterations consisting of the erasures of the names of said Hicks and Honour therefrom.   It appears that said Hicks and Honour each subscribed for two shares of stock in this corporation, outside of the ten shares of paid up

stock issued to each of them. Neither of them has paid anything on these shares. It appears that some time after the stock had been subscribed and the company organized, that Hicks erased his name from this subscription list by scraping off the same, and that Honour subsequently thereto erased his name therefrom by drawing a pen through the same. These erasures were made without the knowledge or consent of the corporation, or any of its authorized agents or officers, and without the knowledge or consent of the defendants in this action. These alterations were material, inasmuch as they reduced the assets of the corporation and increased the *pro rata* liability of the other shareholders for its debts. As soon as these alterations were discovered by the company, it suspended business, and refused to pay said Hicks and Honour the balance due, and refused to employ them any longer. In view of this testimony, the master holds that the refusal of the corporation to carry out its contract of employment with Hicks was not wrongful; that the alterations in this subscription list, being material and prejudicial to the rights of the other shareholders, Hicks and Honour cannot use the same as evidence in their favor. He, therefore, finds that said Hicks and Honour have no right of action against the defendants in this case, shareholders in said corporation, and can recover nothing against them.

These alterations, however, do not affect the rights of the other creditors of the corporation; but this corporation and the defendants, shareholders therein (excepting the defendant, J. F. Richardson), are liable to said creditors. The claims of these creditors have been established as follows: * *

The defendant, J. F. Richardson, subscribed for one share of the stock, on condition that the same should be paid by him in printing for the company. He is not liable on this share, and cannot be called on to pay any part of the debts of the company, till the other corporators and shareholders are in default, and shown to be unable to respond.

The master further finds that the corporation has no

property, except the formulas purchased by it from Hicks and Honour, and the unpaid portions of the shares of stock in the same, subscribed by the defendants herein, as above reported; that said corporation is insolvent. The master respectfully recommends that the formulas above mentioned be sold, and the proceeds of sale applied to the debts of said corporation, after first paying the costs of this action. That in the event of failure of proceeds of such sale to pay said debts and costs, then judgment be entered against each of said defendants (except the defendant, Richardson,) for the respective amounts proved by each of said creditors as aforesaid, and their costs herein, to the extent of the amount unpaid on share or shares subscribed for by each of them, and that plaintiff have leave to issue execution therefor.

The defendant, T. A. Honour, jr., appeals from this judgment to the Circuit Court. The Circuit Judge confirmed the report, and the defendant, Honour, appeals to this Court on following exceptions:

I. Because the Court erred in overruling appellant's exceptions to the master's report, which exceptions were as follows: 1. Because the master erred in finding that said T. A. Honour, jr., by erasing his name from the subscription list for two shares of unpaid stock in the Cherokee Medicine Company, had thereby forfeited all his rights as a stockholder in said company, even for his ten shares of paid up stock, and also for the wages the company owes him for services he performed for said company; whereas, the master should have held that T. A. Honour, jr., by said erasure, did not forfeit any of his rights in said company, even if he had no right to make said erasure, but the said company was still liable to him for the ten shares of paid up stock and for the $11 balance on salary, and if he had no right to make said erasure, he was still liable to the company for the two shares of unpaid stock. 2. Because the master erred in holding that T. A. Honour, jr., had no right to erase his name from the subscription list of said company

for his two shares of unpaid stock; whereas, the master should have held that he had the right to make said erasure, the company having relieved him from said stock, and the master should have further held and recommended that all the stockholders should be required to pay in the balance due on their unpaid stock, and out of this fund the costs of this action and the debts of the company should be paid, and the remainder should be divided among the stockholders so as to *pro rate* and equalize the loss among all the stockholders.

II. Because the Court erred in not holding that the appellant had a right, according to the testimony adduced in this case, to erase his name from the subscription list of the Cherokee Medicine Company for his two shares of unpaid stock.

III. Because the Court erred in not holding that the appellant, even if he had no authority to erase his name from said subscription list for said two shares, did not, by said erasure, forfeit and lose his right to $11 balance due him by said company for services rendered as advance agent of said company, and he did not forfeit and lose his right to ten shares of paid up stock which he held in said company.

IV. Because the Court erred in not holding that if appellant had no right to make said erasure, he was still liable to said company on his two shares of unpaid stock, and the company was still liable to him for said $11 and for said ten shares of paid up stock.

*Mr. Adam Welborn*, for appellant, cites: *Alteration:* 14 S. C., 357; 17 S. C., 466; 19 S. C., 257.

*Messrs. Haynsworth & Parker*, for stockholders, respondents, cite: *Alteration:* 14 S. C., 347; 17 S. C., 466; 19 S. C., 263; 1 Strob., 396; 2 Bail., 359.

*Mr. Jos. A. McCullough*, for Richardson, respondent, cites: *Exceptions:* 19 S. C., 598; Code, 337, 345. *Testimony:* 16 S. C., 352.

July 16, 1896.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE MCIVER.   The plaintiff, suing in behalf of herself and all other creditors of the Cherokee Medicine Company who shall in due time come into and seek relief by this action and contribute to the expense thereof, practically for the purpose of recovering judgment against the stockholders in said company to the extent of their unpaid subscriptions to the stock, the said company being alleged to be insolvent, and the execution issued to enforce a judgment recovered by plaintiff against said company having been returned *nulla bona*, an order was granted referring all the issues, both of law and fact, to the master for his determination; and also calling in all the creditors of the said company to prove their claims.   Under this order, the master called in the creditors, took the testimony, and made his report, which is set out in the "Case."   To this report, the defendant, T. A. Honour, jr., alone excepted, and the case was heard by his Honor, Judge Benet, who rendered judgment, which, so far as the questions raised by this appeal are concerned, simply confirmed the report of the master, making it the judgment of the Court.   From this judgment the defendant, T. A. Honour, jr., alone appeals, and hence the only question for us to determine is, whether there is any error in the judgment, so far as the rights of T. A. Honour, jr., are concerned—the other matters mentioned in the report of the master and in the judgment of the Circuit Judge not being before us for consideration.

The report of the master, which should be incorporated in the report of this case, so fully and clearly sets forth the facts upon which this controversy depends as to supersede the necessity of any further statement, except that it appears to be a conceded fact that the defendant, T. A. Honour, jr., and one Charles E. Hicks were originally engaged in the business of compounding and selling certain patent medicines, according to formulas owned by them, and that when the defendant company was formed, they sold out to

said company, and in consideration thereof they each received a paid up certificate for ten shares of the capital stock of said company, and they each subscribed for two shares of such stock, to be paid for as the other stockholders who signed the subscription list. The master found as matter of fact that some time after the stock had been subscribed and the company had been organized, Hicks and Honour erased their names from the subscription list, which originally showed that each of those persons had subscribed for two shares, and that "these erasures were made without the knowledge or consent of the corporation, or any of its authorized agents or officers, and without the knowledge or consent of the defendants in this action" (no doubt meaning the *other* defendants in this action). And he found as matter of law that these unauthorized alterations in the contract, evidenced by the subscription list, being material, deprived the said Hicks and Honour of the right to rely upon such contract, so altered in a material respect, to hold the other defendants liable for the claims which they had presented, under the call for creditors, against the said company.

The grounds of appeal presented by the defendant, T. A. Honour, jr., seem to be based, in part, at least, upon what we consider an entire misconception of what we understand to have been the finding of the master, affirmed by the Circuit Judge. For this reason it is necessary that a copy of these grounds should be embraced in the report of this case. Appellant, in these grounds, assumes, erroneously, as we think, that the master found that Honour had forfeited his right to the ten paid up shares, by reason of his erasure of his name from the subscription list. What effect, if any, such erasure may have had upon the rights of Honour to his ten paid up shares, was not a question before the master, and, so far as we can perceive, he made no finding whatever as to that matter. It will be observed that the action was not brought for the purpose of winding up the affairs of the corporation, and adjusting the rights and

equities of the several stockholders as amongst themselves; but, on the contrary, the action was brought by a creditor of the corporation, into which all the other creditors were invited to come, for the purpose of requiring such of the stockholders as had not paid up their subscriptions, to pay the same for the relief of the creditors of the corporation. The defendant, Honour, amongst others, came in under the call for creditors, and undertook to establish his claim against the corporation, and to make such of the stockholders as had not paid up their stock, contribute to the payment of his claim. But as the master held that such claim on the part of Honour was based solely upon the contract evidenced by the subscription list which Honour had altered, without authority, in a material respect, to the prejudice of the other stockholders, by erasing his name therefrom, he had thereby destroyed his right to make any such claim against the other stockholders. So that, as it seems to us, this appeal, practically, raises but two questions: 1st, whether the master erred in finding that Honour had erased his name from the subscription list without authority, and whether the Circuit Judge erred in confirming such finding; 2d, whether this unauthorized alteration in the contract, upon which Honour's claim was based, deprived him of the right to rely upon such contract.

The first is a pure question of fact; and, as we think, the testimony was amply sufficient to sustain the finding of the master, there was no error on the part of the Circuit Judge in affirming such finding.

As to the second question, we agree entirely with the master and the Circuit Judge. The proposition that one who bases his claim upon a contract, which he has seen fit to alter in a material respect, without authority, cannot sustain such claim, is too well settled to need the citation of any other authority. Here the appellant must, necessarily, base his claim to recover, as against the other stockholders, upon the contract evidenced by the subscription list; and if he chose to alter that con-

tract in a material respect, by erasing his name therefrom, without authority, he has thereby destroyed the foundation of his claim.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.